# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

**RANDAL HARTWELL JR.,**
*Individually*,

    Plaintiff,

v.

**LOCAL IN MEMPHIS, LLC**,
*a Tennessee limited liability company*,
**THE VAULT ON GE PATTERSON, LLC**,
*a Tennessee limited liability company,*
**E & H 2.0, LLC**, *a Tennessee limited liability company,*
and **TYSON BRIDGE**, *an individual*

    Defendants.

CASE NO. _____
FLSA Collective Action
**Jury Demanded**

## COMPLAINT

Plaintiff Randal Hartwell Jr. ("Plaintiff") brings this action against Local in Memphis, LLC, The Vault on GE Patterson, LLC, E & H 2.0, LLC, and Tyson Bridge (collectively "Defendants"), and alleges as follows:

### I.   INTRODUCTION

1. This lawsuit is brought against Defendants under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* to recover unpaid overtime and other damages owed to Plaintiff.

### II.   JURISDICTION AND VENUE

2. Jurisdiction over Plaintiff's FLSA claims is based on 29 U.S.C. § 201 *et. seq.* and 28 U.S.C. § 1331.

3. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff was employed by and worked for Defendants in this District and Defendants have conducted business in this District during all times relevant and material to this action.

### III.  PARTIES

4. Defendant Local in Memphis, LLC ("Defendant Local") is a Tennessee limited liability company with its principal offices located at 1554 Peabody Ave, Memphis, Tennessee 38104. Defendant Local operates in Memphis, Tennessee as The Paramount restaurant and The Backlot Sandwich Shop. Defendant Local's registered agent for service of process is Tyson Bridge, 1554 Peabody Ave, Memphis, Tennessee 38104.

5. Defendant The Vault on GE Patterson, LLC ("Defendant Vault") is a Tennessee limited liability company with its principal offices located 124 E. GE Patterson Ave, Memphis Tennessee 38103. Defendant Vault operates in Memphis, Tennessee as The Vault restaurant. Defendant Vault's registered agent for service of process is Tyson Bridge, 1554 Peabody Ave, Memphis, Tennessee 38104.

6. Defendant E & H 2.0, LLC ("Defendant E & H") is a Tennessee limited liability company with its principal offices located at 1554 Peabody Ave, Memphis, Tennessee 38104. Defendant E & H operates in Memphis, Tennessee as Earnestine & Hazel's bar/restaurant. Defendant E & H's registered agent for service of process is Tyson Bridge, 1554 Peabody Ave, Memphis, Tennessee 38104.

7. Defendant Tyson Bridge ("Defendant Bridge") owns and operates each of the above entities. Defendant Bridge is an individual residing in Tennessee and can be served with process at 1554 Peabody Ave, Memphis, Tennessee 38104, or wherever he may be found.

8. Defendants have been the "employer" of Plaintiff within the meaning of 29 U.S.C. § 203(d) during all times relevant and material to this lawsuit.

9. Defendants employed Plaintiff as an hourly-paid cook at Defendants' restaurants within the past three years preceding the filing of this collective action lawsuit.

10. At all times relevant and material to this action, Plaintiff was an "employee" of Defendants as defined by Section 203(e)(1) of the FLSA and worked for Defendants within the territory of the Unites States within three (3) years preceding the filing of this lawsuit.

11. Likewise, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00 during all times relevant and material to this action.

12. At all times relevant and material to this Complaint, Defendants have been subject to the pay requirements of the FLSA because they have been an enterprise engaged in interstate commerce, and their employees likewise have been engaged in interstate commerce.

13. Defendants also jointly employed Plaintiff.

## IV.    FACTUAL ALLEGATIONS

14. Defendants collectively own and operate The Paramount restaurant, The Backlot Sandwich Shop, Earnestine & Hazel's, and The Vault.

15. Defendants, including Defendant Bridge, treat all of their restaurants as one entity and co-mingle staff and management.

16. The primary function of Defendants' restaurants is to sell and serve food and beverage items to customers.

17. Defendants employed Plaintiff as an hourly-paid cook to prepare their foods items.

18. Defendants failed to compensate Plaintiff at one and one-half times his regular rate of pay for all hours worked over forty (40) in workweeks where he worked over forty (40) hours.

19. Defendants, therefore, unlawfully failed to pay overtime to Plaintiff.

## V.   JOINT EMPLOYER LIABILITY

20. At all relevant times, Defendants have been associated with and/or so related with respect to Plaintiff such that they are an "employer" and a "joint employer" of Plaintiff in that, *inter alia*, they:

    a. Shared employees;

    b. Jointly shared the ability to hire, fire, and disciple employees;

    c. Jointly directed and supervised employee performance;

    d. Jointly shared the ability to affect compensation and benefits; and

    e. Have interrelated operations and share centralized control of labor relations.

21. Defendants were, in reality, one operation that was divided into multiple entities to support the fiction that they are not joint employers and/or an integrated enterprise.

## VII.   DEFENDANT BRIDGE'S INDIVIDUAL LIABILITY

22. Throughout the recovery period applicable to this action, individual Defendant Tyson Bridge exercised operational control over the business activities and operations of Defendants restaurants, including control over Plaintiff's pay.

23. In particular, Defendant Bridge directed and controlled work performed by Plaintiff and all other employees who worked for Defendants; hired and fired employees; and implemented, approved, and/or ratified the policy of failing to pay overtime to Plaintiff.

24. For example, Defendant Bridge would often appear at Defendants' restaurants and direct the work of Plaintiff.

25. Throughout the recovery period applicable to this action, Defendant Bridge was fully aware that Plaintiff was not paid all overtime wages due.

26. Accordingly, Defendant Bridge acted "directly or indirectly in the interest of an employer in relation to" the Plaintiff within the meaning of §203(d) of the FLSA, and is thus individually and personally liable for the unpaid overtime wages, liquidated damages, costs and attorneys' fees, and any and all other relief sought herein.

**COUNT I**
**FLSA VIOLATION – FAILURE TO PAY OVERTIME WAGES**

27. Plaintiff incorporates the preceding paragraphs by reference.

28. At all times relevant and based on the aforementioned allegations, Defendants willfully refused to pay Plaintiff at one and one-half time his regular rate for all hours worked in excess of forty (40) per workweek.

29. Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

30. Due to Defendants' aforementioned willful FLSA violations and lack of a good faith basis in committing such violations, Plaintiff is entitled to recover from Defendants compensation for unpaid overtime wages, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the FLSA, 29 U.S.C. § 216(b).

**PRAYER FOR RELIEF**

Whereas, Plaintiff requests this Court to grant the following relief against Defendants:

A.  An award of compensation for unpaid overtime wages;

B.  An award of liquidated damages; or in the alternative an award of prejudgment interest;

C.  An award post-judgment interest at the applicable legal rate;

D.  An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees;

E.  A ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action, and;

F.  Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a **trial by jury** on all issues so triable.

Dated: June 28, 2022.                                Respectfully submitted,

 */s/Robert E. Morelli, III*
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR #37004)
**JACKSON, SHIELDS, YEISER, HOLT, OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Tel: (901) 754-8001
Fax: (901) 759-1745
*rturner@jsyc.com*
*rmorelli@jsyc.com*

*Attorneys for Plaintiff*